UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>STM INDUSTRIES, INC.<br><br>Debtor | <br><br>Chapter 7<br>Case No(s).04-12576-CJK |
| DONALD LASSMAN, as the duly-appointed<br>Chapter 7 Trustee of STM Industries, Inc.<br><br>Plaintiff<br><br>v.<br><br>Container Recycling Alliance LP<br><br>Defendant | Adv. Pro. No. 05-01344 |

**MOTION OF CONTAINER RECYCLING ALLIANCE LP FOR
AN ENTRY OF ORDER PURSUANT TO 28 U.S.C. § 157(d) AND (e),
RULE 5011 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND RULE 5011-1 OF THE DISTRICT OF MASSACHUSETTS
LOCAL BANKRUPTCY RULES FOR WITHDRAWAL OF REFERENCE**

Container Recycling America LP ("CRA"), by its undersigned attorney, hereby submits

this Motion for Entry of an Order Pursuant to 28 U.S.C. § 157(d) and (e), Rule 5011 of the

Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and Rule 5011-1 of the District of

Massachusetts Local Bankruptcy Rules ("D.Mass. LBR"), requesting that the United States

District Court for the District of Massachusetts (the "District Court") withdraw the reference as

to all claims asserted by the Chapter 7 Trustee (the "Plaintiff") of STM Industries, Inc. (the

"Debtor") in the above-captioned adversary proceeding, and respectfully represents as follows:

6

## Background

1.      On May 9, 2005, the Plaintiff commenced an adversary proceeding (the "Complaint") against CRA seeking: (a) to recover alleged breach of contract damages for failure to pay rent; (b) to recover alleged breach of contract damages for damage to the premises; (c) to recover alleged indemnification from CRA; (d) to recover for the alleged breach of covenant of good faith and fair dealing; (e) to recover costs incurred in the adversary proceeding, and (d) such other and further relief as the Bankruptcy Court may deem necessary and proper.

2.      Contemporaneously with this Motion, CRA filed its Answer, denying the substantive allegations of the Complaint and any wrongdoing, asserting a counterclaim for constructive eviction, and asserting its demand for jury trial.

## Relief Requested and Reasons Therefore

3.      Pursuant to 28 U.S.C. § 157(a), each district court may provide that any or all cases or proceedings arising under Title 11 of the United States Code (the "Bankruptcy Code") shall be referred to the bankruptcy judges for the district. The District Court may withdraw the reference on its own motion or on a timely motion of any party for cause. 28 U.S.C. § 157(d); F.T.C. v. American Institute for Research and Development, 219 B.R. 639, 647 (D.Mass. 1998).

4.      In the instant case, cause exists to withdraw the reference and this Motion is timely.

### A.      Cause Exists to Withdraw the Reference

5.      CRA submits that cause exists for withdrawal of the reference. Cause includes whether a right to a jury trial exists and whether any party does not consent to a jury trial before the bankruptcy judge. Goldstein v. K-Swiss Inc. (In re Just for Feet, Inc.), 2002 Bankr. LEXIS 330 (Bankr. D. Del. 2002) (holding the right to a jury trial constitutes sufficient cause for withdrawal of the reference) citing In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992); See

also, In re Orion Pictures, Corp., 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed. 511 U.S.

1026, 114 S. Ct. 1418, 128 L. Ed. 2d 88 (1994); Chedick v. Nash, 151 F.3d 1077, 1080 (D.C.

Cir. 1998); In re NDEP Corp. v. Handl-It, Inc., 203 B.R. 905, 908 (D. Del. 1996); accord In re

Larry's Apartment, L.L.C., 210 B. R. 469, 472 (D. Ariz. 1997); In re Dooley Plastic Co., Inc.,

182 B.R. 75, 81 (D.Mass. 1994).  Other factors to consider are whether the withdrawal will (a)

promote uniformity of bankruptcy administration; (b) reduce forum shopping and confusion; (c)

foster economical use of resources; and (d) expedite the bankruptcy process.  F.T.C., 219 B.R. at

647; see also In re Pruitt, 910 F.2d 1160, 1168 (3rd Cir. 1990); In re Burger Boys, Inc., 94 F.3d

755, 762 (2d Cir. 1996).

     6.     In the instant case, cause exists because CRA (a) has a right to a jury trial, (b) has

timely requested a jury trial, and (c) does not consent to a jury trial before a bankruptcy judge.

     7.     CRA is entitled to a jury trial on all of the Plaintiff's claims because such claims

are legal in nature and CRA has not filed a claim against the Debtor's estate.  The U.S. Supreme

Court has held that "a creditor's right to a jury trial on a bankruptcy trustee's preference claim

depends upon whether the creditor has submitted a claim against the estate." Langenkamp v.

Culp, 498 U.S. 42, 45, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990), rehearing denied, 498 U.S.

1043, 112 L. Ed. 2d 709, 111 S. Ct. 721 (1990), quoting Granfinanciera, S.A. v. Nordberg, 492

U.S. 33, 58, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989).  See also, In re Continental Financial

Resources, Inc., 154 B.R. 385, 387 (D.Mass. 1993).  In Granfinanciera, the Court held that the

Seventh Amendment protects a litigant's right to jury trial for parties who had not submitted a

claim against the bankruptcy estate when sued by trustee in bankruptcy to recover allegedly

fraudulent monetary transfer because such action is legal in nature.  See Granfinanciera, 492 U.S.

at 33, 43-47.  See also, Goldstein, 2002 Bankr. LEXIS 330 (Bankr. D. Del. 2002), citing In re

Heater, 261 B.R. 145, 148 (Bankr.W.D.Pa. 2001), quoting Langenkamp, 498 U.S. at 44 (creditor

that has not filed a claim against debtor's estate is entitled to a jury trial on the issue of whether

the payments constituted an avoidable preference).

8.    CRA has not waived its jury trial right because it has not filed a proof of claim in

the Debtor's bankruptcy proceeding. Langenkamp, 498 U.S. 42 (creditor who files proof of

claim has brought itself within the equitable jurisdiction of the court and, therefore, has waived

its Seventh Amendment right to jury trial).

9.    Since CRA has made a timely demand for a jury trial on claims that are legal in

nature and has not filed a proof of claim in the Debtor's bankruptcy proceeding, CRA is entitled

to a jury trial on all of the Plaintiff's claims. See Granfinanciera, 492 U.S. at 36.

10.    Under 28 U.S.C § 157(e), if the right to a jury trial exists, the bankruptcy judge

may conduct the jury trial only with the "express consent of all of the parties." CRA does not

consent to the jury trial being conducted by the bankruptcy judge. Therefore, under 28 U.S.C.

§ 157(e), the bankruptcy judge may not conduct the jury trial. See also, Goldstein, 2002 Bankr.

LEXIS 330, *5 (holding the right to a jury trial constitutes sufficient cause for withdrawal of the

reference).

B.    CRA's Motion is Timely

11.    The District Court should withdraw the reference because CRA's Motion is

timely. Section 157(b) of Title 28 of the United States Code does not define the term "timely."

The legislative history to that section, however, does indicate that the timeliness requirement was

"intended to avoid unnecessary delays and costs" and that "the withdrawal provision should not

be allowed to be used by any parties for the purpose of delay." 130 Cong. Rec. S17, 154 (1984);

See also In re Pruitt, 910 F.2d at 1169 ("it would seem that the district court would be unlikely to

find cause to withdraw the reference at a late stage in a civil proceeding, e.g., when trial is a short time away" [citations omitted]).

12.     Rule 38(b) of the Federal Rules of Civil Procedure provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the actions and not later than 10 days after the service of the last pleading directed to such issue..." Fed.R.Civ.P. 38(b). See also, Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc., 1992 U.S. Dist. LEXIS 20013 (D. Del. 1992) (general demand for a jury trial filed with answer preserved defendant's right to jury determination of all jury-triable issues); Pyramid Co. of Holyoke v. Homeplace Stores Two, Inc., 175 F.R.D. 415, 418 (D. Mass. 1997) ("'if the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than ten days after service of the answer'").

13.     Here, CRA filed its demand for jury trial concurrently with its Answer to the Complaint.

14.     Finally, CRA's Motion is not being made for the purpose of delay but rather to protect its constitutional right to a jury trial by an Article III Court. Moreover, the withdrawal of the reference will not delay the proceeding (currently, no trial date has been set), force the parties to incur additional costs, or prejudice the Plaintiff in any way. In fact, CRA believes that withdrawal of the reference will reduce the costs to all parties and expedite the ultimate resolution of the matter.

## Conclusion

15.     CRA has established cause for withdrawal of the reference, and this Motion is timely. Accordingly, CRA requests that the District Court withdraw the reference as to all claims.

WHEREFORE, CRA respectfully request that the District Court:

(i)    Withdraw the reference pursuant to 28 U.S.C. § 157(d) as to all claims asserted by the Plaintiff in the above-captioned adversary proceeding; and

(ii)   Grant such other relief as is just and proper.


Respectfully submitted,

Container Recycling Alliance LP

By its attorneys,


_____/s/ Francis G. Kelleher_____
Francis G. Kelleher (BBO # 629254)
Anthony M. Feeherry (BBO # 160860)
Jennifer L. Burns (BBO # 657739) (admission to District Court of Massachusetts pending)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: June 17, 2005

LIBA/1542607.3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>STM INDUSTRIES, INC.<br><br>Debtor<br><hr>DONALD LASSMAN, as the duly-appointed<br>Chapter 7 Trustee of STM Industries, Inc.<br><br>Plaintiff<br><br>v.<br><br>Container Recycling Alliance LP<br><br>Defendant | Chapter 7<br>Case No(s).04-12576-CJK<br><br><br><br><br>Adv. Pro. No. 05-01344 |

## CERTIFICATE OF SERVICE

I, Francis G. Kelleher, do hereby certify that on the 17th day of September, 2004, I caused a copy of Container Recycling Alliance LP's Motion For An Entry Of Order Pursuant to 28 U.S.C. § 157(d) And (e), Rule 5011 Of The Federal Rules Of Bankruptcy Procedure And Rule 5011-1 Of The District Of Massachusetts Local Bankruptcy Rules For Withdrawal of Reference to be served upon counsel of record for all parties on the attached Service List.

Dated: June 17, 2005

_____ /s/ Francis G. Kelleher _____

- 8 -

**Counsel for Donald R. Lassman, The
Duly-Appointed Chapter 7 Trustee of
STM Industries, Inc.**
Alex M. Mattera
Charles E. Dale, III
David Himelfarb
Peter Coppinger, M.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110-0617
(617) 345-7025