UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Container Recycling Alliance LP<br><br>      Plaintiff,<br><br>v.<br><br>Donald R. Lassman, as the duly-appointed Chapter 7 Trustee of STM Industries, Inc<br><br>      Defendant. | Civil Action No.1:05-cv-11451-GAO |

**CONTAINER RECYCLING ALLIANCE LP'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR WITHDRAWAL OF REFERENCE**

Container Recycling America LP ("CRA"), by its undersigned attorneys, hereby submits this Reply Brief in further support of CRA's Motion for Withdrawal of Reference as to all claims asserted by Donald Lassman, the Chapter 7 Trustee (the "Plaintiff") of STM Industries, Inc. (the "Debtor") in the above-captioned adversary proceeding.

1.    CRA is entitled to a jury trial Plaintiff's claims[1] because such claims are legal in nature and CRA has not filed a proof of claim against the Debtor's estate. The Supreme Court has held that "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." Langenkamp v. Culp, 498 U.S. 42, 45, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990), rehearing denied, 498 U.S. 1043, 112 L.

---

[1]    Debtor's recently filed amended complaint, which added a claim under Mass. Gen. L. Ch. 93A, does not change the analysis. Although there is no right to a jury on the 93A cause of action, Nei v. Burley, 388 Mass. 307, 315 (1983), the Court "has the choice of letting the jury find the facts for both [jury and non-jury] claims, reserving to himself all aspects of the c. 93A claim, or asking the jury for a non-binding advisory as to whether [the defendant] had acted unfairly or deceptively." Billingham v. Dornemann, 55 Mass. App. Ct. 166, 172, 771 N.E.2d 166, 171 (App. Ct. 2002); see also Kattlar v. Demoulas, 433 Mass. 1, 12 (2000) (same); Acushnet Fed. Credit Union v. Roderick, 26 Mass. App. Ct. 604, 606, 530 N.E.2d 1243, 1245 (App. Ct. 1988) (same).

Ed. 2d 709, 111 S. Ct. 721 (1990), quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989). CRA has not waived its jury trial right because it has not filed a proof of claim in the Debtor's bankruptcy proceeding; rather, CRA has asserted claims with the intention of obtaining setoff in the unlikely event that CRA is found to have breached its commercial lease with the Debtor. Langenkamp, 498 U.S. 42 (creditor who files proof of claim has brought itself within the equitable jurisdiction of the court and, therefore, has waived its Seventh Amendment right to jury trial).

2.     Waiver of a right should never be lightly assumed, rather, "[t]here is a presumption against denying a jury trial based on waiver, and waivers must be strictly construed." Medical Air Tech. Corp. v. Marwan Investment, Inc., 303 F.3d 11, 18 (1st Cir. 2002). This is particularly true of the Seventh Amendment right to a jury trial. Id. ("'[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver'") (quoting Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937)); see also Borgh v. Gentry, 953 F.2d 1309, 1311 (11th Cir. 1992) ("The right to a jury trial 'shall be preserved ... inviolate', and a court's discretion 'is very narrowly limited and must, whenever possible be exercised to preserve jury trial'").

3.     Given this reluctance of courts to presume a waiver of the right to a jury, it is not surprising that some courts refuse to infer that a party waived its constitutional right to a jury trial merely by asserting counterclaims in an adversary proceeding. Whether a defendant in an adversary proceeding is entitled to a jury trial after he brings a counterclaim is not as clear cut as plaintiff would have this court believe. In fact, courts considering the issue have split. Compare Beard v. Braunstein, 914 F.2d 434, 442 (3d Cir. 1990) (assertion of a compulsory counterclaim did not waive right to a jury trial) with In re Lloyd, 156 B.R. 750 (E.D. Pa. 1993) (filing of

counterclaims waived trial by jury). Debtor urges this court to adopt one line of reasoning without consideration of a more persuasive line of cases and, in the process, would have the court rush to imply a waiver of CRA's constitutional right to a jury. CRA vigorously asserted its constitutional right to a jury from its first appearance in this case and the court should hesitate to find it waived. See, In re NDEP Corp., 203 B.R. 905, 912-13 (D. Del. 1996) ("courts should not be eager to embrace an implied waiver of constitutional rights where there is an affirmative and timely assertion of those rights").

    4.  The Supreme Court, in Langenkamp and Granfinanciera, has indicated that the analysis of a defendant's right to a jury trial in an adversary proceeding involves the process of claims allowance and disallowance. Triggering this bankruptcy process is an acceptance of the bankruptcy court's power to adjudicate the matter and, as result, prevents the defendant from seeking to remove the matter to district court for a jury trial. Langenkamp, 498 U.S. at 44. However, the Supreme Court has only considered the issue when the defendant has freely filed a proof of claim and triggered the bankruptcy process of allowance and disallowance of claims. See id. The case at bar is significantly different: here, CRA has not filed a proof of claim and seeks only to setoff its own potential liability. The Supreme Court has not yet addressed the question of whether a counterclaim for the purpose of setoff also triggers the bankruptcy process and is thus a waiver of the right to a jury trial.

    5.  The logic of Langenkamp is limited to situations in which the party asserting counterclaims against the debtor has already filed a proof of claim. In that case, the Supreme Court reasoned that "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable powers." Id. at 44. The "claim" refers to the proof of claim filed before the

adversary proceeding was initiated. The Court held that if such a creditor, after invoking the powers of the bankruptcy court, becomes involved in an adversary proceeding, that creditor cannot undo its submission to the bankruptcy court's jurisdiction just because it then seeks to have its counterclaims heard by a jury in district court. Id. at 44-45. This case is clearly different: CRA did not file a proof of claim in this case. Because CRA never invoked the powers of the bankruptcy court, this is a far cry from the attempt of the creditor in Langenkamp to withdraw its earlier submission to the court's power over the allowance and disallowance of claims.

6. In light of the presumption against waiver of a right to a jury, this Court should follow the cases that hold assertion of a counterclaim without filing a proof of claim is insufficient evidence of a knowing and intentional waiver of the right to a jury trial. In re NDEP Corp., 203 B.R. 905, is particularly relevant to the case at bar. NDEP initiated an adversary proceeding against a company it supplied, Handl-It, alleging that Handl-It breached the contract by failing to pay its outstanding balance. Id. at 907. In its answer, Handl-It asserted both affirmative defenses and five counterclaims, including allegations that it NDEP had breached the contract. Id. Handl-It simultaneously asserted its right to a jury trial and later moved to withdraw the reference. Id.

7. After determining that Handl-It had a constitutional right to a jury trial for its contractual claims, the court held that Handl-It did not waive this right and did not consent to the jurisdiction of the bankruptcy court by virtue of asserting permissive counterclaims against the defendant. Id. at 909, 912.[2] The court rejected the approach of looking merely at whether the

---

[2] Under Bankruptcy Rule 7013, a counterclaim is only compulsory if the claim arose postpetition. Even if a claim would be compulsory under Federal Rules of Civil Procedure 13(a) because it arose out of the same transaction or occurrence, if that transaction or occurrence took place prepetition it would not be compulsory under the Bankruptcy Rules. See, e.g., In re NDEP, 203 B.R. at 910, n.4. Therefore, in In re

counterclaims were permissive or compulsive. Rather, the court examined two factors: whether there was voluntary submission to the jurisdiction of the court and whether the "resolution of the particular dispute in issue is necessarily a part of the process of the disallowance and allowance of claims." Id. at 912 (citing Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d Cir. 1994)). The court applied the law in the following way:

> In the present case, there has been no action, such as the filing of a proof of claim, that would bring this dispute within the equitable claims resolution process of the bankruptcy court. *See Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1327 (2d Cir. 1993) ("the filing of a proof of claim is a *necessary* precondition" for the claims allowance process to begin, but "it is not a *sufficient* condition"). The resolution of this adversary proceeding will not involve any decision regarding the distribution of the bankruptcy estate. Handl-It does not ask for the allowance of a claim in bankruptcy and seeks no relief under the bankruptcy code. Handl-It's counterclaims do not affect the ordering of creditors or the equitable distribution of the res of the estate.
>
> …[T]his court finds that a party who is sued by a debtor in an adversary proceeding does not waive its right to a jury trial or its right to object to jurisdiction and venue when it brings counterclaims that arise out of the same transaction or occurrence as the underlying claim but which, due to the operation of Bankruptcy Rule 7013 are permissive… The rule does not state that a party should not bring the claim or that bringing the claim will result in the waiver of a Seventh Amendment right to a trial by jury. Indeed, resolving all claims arising out of the same transaction or occurrence in one proceeding furthers the efficient administration of justice, and parties like Handl-It should not be discouraged from bringing such counterclaims.

Id. at 912 (emphasis in original).

8. The reasoning of In re NDEP is even more persuasive here, where CRA seeks only to setoff any potential liability it faces. Because CRA does not seek affirmative recovery,

---

NDEP, although the counterclaims stem from the same circumstances as the original complaint, these counterclaims were not compulsory under Bankruptcy Rule 7013. Id. at 910.

there is no opportunity for CRA's counterclaims to interfere with the bankruptcy process of claims allowance and disallowance.

9.  Other courts have similarly rejected imposing bankruptcy court jurisdiction on defendants submitting counterclaims but not proofs of claim. See, e.g., In re Larson, 172 B.R. 988, 993 (D. Utah 1993); In re J.T. Moran Fin. Corp., 124 B.R. 931, 940 (S.D.N.Y. 1991). The Southern District of New York, for instance, held that implying a waiver under such circumstances would be tantamount to "jurisdiction by ambush." In re J.T. Moran Fin. Corp., 124 B.R. at 940. The In re Larson court, on the other hand, reasoned that the assertion of counterclaims is a part of the jury trial process, not the process of allowance and disallowance of claims.

10.  CRA has not filed a proof of claim and does not seek to alter the order in which creditors may recover or the equitable distribution of the res. The counterclaims arise out of the same underlying factual situation and, although under the bankruptcy rules these counterclaims are not compulsory, it still is economically beneficial to have all claims resolved at once. Moreover, CRA is not now trying to escape a court's jurisdiction after having accepted such jurisdiction. Rather, CRA has consistently asserted its rights to a jury trial and done nothing to waive this right.

## Conclusion

11. The case law cited above makes it clear that CRA's counterclaim, without more, does suffice as a waiver of its constitutional right to a trial by jury. Because CRA does not consent to the bankruptcy court holding a jury trial on this issue, the reference to bankruptcy court must be withdrawn.

Respectfully submitted,

Container Recycling Alliance LP
By its attorneys,

/s/ Anthony M. Feeherry
Anthony M. Feeherry (BBO # 160860)
Jennifer L. Burns (BBO # 657739)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: January 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 31, 2006.

                                                            /s/ Jennifer L. Burns  
                                                           Jennifer L. Burns

LIBA/1564106.3