UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| DONALD LASSMAN, as the duly-appointed Chapter 7 Trustee of STM Industries, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CONTAINER RECYCLING ALLIANCE LP, <br><br> Defendant. | Civil Action No. 05-CV-11451-GAO |

## STATUS REPORT OF PLAINTIFF DONALD LASSMAN

Donald Lassman, the duly-appointed Chapter 7 Trustee of STM Industries, Inc. (the "Trustee"), hereby submits this brief status report to advise the Court of recent events relating to the above-captioned action.

As the Court is aware, this case was originally filed on May 9, 2005 in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). On June 17, 2005, Defendant Container Recycling Alliance, LP ("CRA") filed a Motion to Withdraw the Reference in the Bankruptcy Court and that motion was referred to this Court for resolution. Shortly after CRA filed its Motion to Withdraw the Reference, the Trustee filed a Motion to Strike and/or Dismiss Defendants' Counterclaims and Jury Demand in the Bankruptcy Court ("Motion to Strike").

Both the Motion to Withdraw pending in this Court and the Motion to Strike pending in the Bankruptcy Court involve, *inter alia*, the legal issue of whether CRA has waived its right to a jury trial by filing a Counterclaim in the Bankruptcy Court seeking affirmative relief against the

-2-

estate of STM Industries, Inc.  In light of the relatedness of these two Motions, on August 1, 2005 the Bankruptcy Court stayed its decision on the Motion to Strike until such time as the Motion to Withdraw was resolved.  On February 13, 2006, this Court held oral arguments on the Motion to Withdraw.  On August 3, 2006, the Bankruptcy Court held oral arguments on the Motion to Strike.

At the conclusion of the hearing on the Motion to Strike, the Bankruptcy Court held that, in light of the pendency of the Motion to Withdraw, the Court would not rule on the Motion to Strike prior to **September 15, 2006** given the relatedness of the issues raised.  The Bankruptcy Court further held that if the Motion to Withdraw was not resolved by September 15, 2006, the parties are to file a Status Report with the Bankruptcy Court and the Bankruptcy Court may render a decision on the Motion to Strike sometime shortly thereafter in light of its obligation under Fed. R. Bankr. P. 5011(c) to continue administering the case while a Motion to Withdraw is pending.

The Trustee deemed it appropriate to inform the Court of this new information.

Respectfully Submitted,

DONALD R. LASSMAN, the duly-appointed
Chapter 7 Trustee of STM Industries, Inc.,

By his attorneys,

/s/ David Himelfarb
_____
Charles A. Dale III, BBO # 558839
cdale@mccarter.com
Peter M. Coppinger, BBO # 554512
pcoppinger@mccarter.com
Alex F. Mattera, BBO # 641760
amattera@mccarter.com
David Himelfarb, BBO # 649596
dhimelfarb@mccarter.com
McCarter & English, LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

Dated: August 3, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that on August 3, 2006, I served a copy of this Status Report through the Court's CM/ECF system on the following counsel:

Anthony M. Feeherry, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
*Counsel for Container Recycling Alliance LP*

    By:   /s/ David Himelfarb
               David Himelfarb

B0474592v1